premiums without competitive bidding on the amount of premiums to be paid by the borrowing members.

Judge Pugsley, of the Lucas county common pleas court, sustained the constitutionality of the statute and entered judgment for the full amount claimed.

HAYNES, J.

In this case suit was brought to foreclose a mortgage upon a loan made by the defendant company, which is an incorporated building and loan association, of the city of Cincinnati. A judgment was taken for the full amount prayed. The case is brought up on error raising questions as to whether certain payments made by way of premiums and fines charged by the company are in the nature of usury; and whether the law of Ohio regulating these companies is unconstitutional. The case of Mykrantz v. Building and Loan Assn., 10 Circ. Dec. 250 (19 R. 51), has been cited by plaintiff in error. We have not time to discuss this case at length, but we have investigated this matter fully and carefully under the decisions of the Supreme Court, and are satisfied that the decisions of the Supreme Court are in favor of the companies. We have heretofore sustained cases in which the building and loan association law has been held constitutional; and now sustain these charges in this case as being reasonable under a constitutional law.

The judgment of the court of common pleas will be affirmed.

---

## STREETS—GRADE.

[Hamilton (1st) Circuit Court, December 21, 1901.]

Smith, Swing and Giffen, JJ.

### ELIZABETH ROSS v. CINCINNATI.

1. RULE AS TO IMPROVEMENTS AND CHANGE OF GRADE.

When the grade of a street is established either by ordinance or by improvement or user for a long time, the abutting owner has the right to make improvements on his property in accordance with the grade so established, but where no grade has been established in either of the methods stated, he is not entitled to damages for injuries to his property by reason of change of grade after the property is improved, unless the municipality establishes an unreasonable grade.

2. REASONABLE GRADE—DEDICATION CARRIES RIGHT OF LATERAL SUPPORT.

Where land is dedicated by the owner for a street, the dedication carries with it the right to improve the street to a reasonable grade; and where the street is so improved the property owner has no right to recover damages for lateral support when a cut is made, such right having been granted by the dedication.

HEARD ON ERROR.

Frederick Hertenstein, for plaintiff in error.

**Charles J. Hunt** and **Frank H. Hunkel,** for defendant in error, cited:

If the nature and extent of the improvements and uses of the street or alley have not been so indicated or defined by the city or village, abutting proprietors must, at their own peril, improve their lots with reterence to such future uses or changes in the streets as may be made and adopted by the city or village while acting within the scope of its mur cipal authority. Crawford v. Delaware, 7 Ohio St. 459, 460; Cincinnati v. Penny, 21 Ohio St. 499 [8 Am. Rep. 73].

In the question of the right of recovery for a change of grade. Akron v. Chamberlain Co., 34 Ohio St. 328 [32 Am. Rep. 362]; Neubert v. Toledo, 6 Circ. Dec. 66 (9 R. 462); McGee v. Avondale, 1 Dec. 379 (31 Bull. 163); Lima v. McBride, 34 Ohio St. 338, 346; Smith v. Commissioners, 50 Ohio St. 628, 633 [35 N. E. Rep. 769; 40 Am. St. Rep. 699]; Columbus v. Bidlingmeier, 3 Circ. Dec. 698 (7 R. 136, 138); Redfield Railways, p. 152; Tenney v. Cincinnati, 24 O. C. C. 000; Cincinnati & S. G. A. Ry. Co. v. Cumminsville, 14 Ohio St. 547; Randolph Eminent Domain, 414; Hatch v. Railway Co., 18 Ohio St. 92; Van Ripper v. Essex Public Road, 38 N. J. L. 23; Chambers v. South Chester, 21 Atl. Rep. 409 [140 Pa. St. 510, 522]; Pittsburgh, etc. R. R. Co. v. McCloskey, 1 Atl. Rep. 555 [110 Pa. St. 436]; Ely v. Rochester, 26 Barb. 133; Portland v. Kamm, 10 Ore., 383.

**SWING, P. J.** (Orally.)

The case of Ross against the city of Cincinnati is a case in this court on error to the judgment of the court of common pleas. The city of Cincinnati brought an action in the court of common pleas for the purpose of ascertaining the amount of damages which property owners might have by reason of the improvement of an avenue in the western portion of Cincinnati, called Ross avenue.

In that proceeding the plaintiff here, Elizabeth R. Ross, filed her claim for damages by reason of this improvement. The facts are as follows: In 1853 this avenue was dedicated to the city by the plaintiff. Also in 1883 she rededicated it at the time she subdivided her property, I believe, into lots.

In 1879 the city of Cincinnati passed an ordinance fixing the grade of this street, and this improvement is to be made in accordance with that established grade. No improvement of the avenue had ever been made by anyone; neither the city nor the people owning property abutting upon this avenue had improved it, but it was used as a means of ingress and egress by the people living along it, and the public also used it as far as their necessities required for the purpose of going to and from the premises abutting on it.

Ross v. Cincinnati.

Now it is claimed by Mrs. Ross that she is entitled to damages, and she subdivides the loss into three heads, owing to the different location of the property as it abutted upon the avenue.

Near the house abutting on a portion of the avenue, and in front of the house, the improvement contemplated a cut of some four or five feet in front of her premises; west of the house was another tract of land about two hundred feet, I believe, in extent, where it required a fill of some four or five feet, and the improvement as contemplated by the city would place upon her property the burden of maintaining this fill, or a portion of it ; therefore the city would require an easement for the support of that earth to make the proper width. Still further west, some two or three hundred feet, the improvement requires a cutting of the ground to the extent of three feet at one end and twelve feet at the other.

The jury found in answer to special interrogatories the damage to the property where the fill was required, two hundred dollars; and they further found that if Mrs. Ross was entitled to any damage by reason of the cut on the western portion of her land that she would be entitled to recover four hundred dollars—that would be the amount of the damage; and I believe a similar amount for the cut in front of her house where the improvement was made.

The city admits its liability for two hundred dollars for the portion of the property where the fill was made.

The jury found that the grade as established by the city was a reasonable grade.

What are the rights of the parties? The court found that Mr. Ross was entitled to two hundred dollars, but found against her as to the other claims.

It sems to us the law is very well settled in Ohio by a great many decisions in our Supreme Court, and also by other courts of the state, especially this court, and that it is to this effect: That wherever there has been a grade established, either by ordinance or by improvement or user for a long time, that the property owner has a right to make improvements in accordance with the grade as established either by ordinance or by user; but if there has been no established grade, either by ordinance or by user, the property owner is not entitled to any damages unless the grade which the city establishes is an unreasonable grade.

There was no grade established at this place by user or by ordinance except the ordinance of 1879, and these improvements were made in accordance with that grade.

No work had ever been done upon this property, no grade had ever been established, and it could not be said that any improvements made

under these conditions would be saved from the general provision that a party making improvements builds with reference to a reasonable grade. So we do not see upon what theory the plaintiff may recover for the improvements that she made on the property when the grade as now fixed is found to be a reasonable grade, and no exception was taken, or no question is made as to that. She was bound to make her improvement with reference to a reasonable grade, which the city subsequently established.

It is claimed that while that may be true, as to the improvements that she made, still Mrs. Ross is entitled to damages by reason of cutting her unimproved property at the western portion where the cut would be from three to twelve feet; that she is entitled to lateral support.

We think that the doctrine of lateral support has no application to the facts in this case. Mrs. Ross dedicated this property for a street. She dedicated with that everything that was necessary to make a street in accordance with the reasonable grade that might be established by the city. The dedication would amount to very little if she simply dedicated the surface of the ground, and if the city would be powerless after that dedication to go on and make a street in accordance with a reasonable grade, she would still retain them in her certain rights to that street. That is entirely inconsistent, we think, with her dedication. It would be the same if the city had appropriated the property for a street. As we held in the case of Tenney v. Cincinnati, 24 O. C. C. 000, whatever damages the party is entitled to at the time of the appropriation by reason of the cut or taking away of lateral support must be determined in that action; and if that can be determined in the action and should be determined at the time the appropriation is made, the dedication by the party would certainly be as full as the appropriation, and if she gave it she could not turn around afterward and sue the city to recover back that which she had already given. And we have found, as I say, that she by her dedication gave so much of that property as was necessary to make a reasonable grade. If the city had gone beyond a reasonable grade, then under the laws of our states she would have her action for that additional right of property that she had not parted with, because under our laws she is only supposed to grant the right to a street of a reasonable grade.

The judgment of the court will therefore be affirmed.